1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

RAYMOND PADILLA,                    )          3:08-CV-410-LRH (RAM)
                                    )
                Plaintiff,          )          **REPORT AND RECOMMENDATION**
                                    )          **OF U.S. MAGISTRATE JUDGE**
        vs.                         )
                                    )
STATE OF NEVADA, et al.,            )
                                    )
                Defendants.         )
_____)

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.  Before the court is Defendant's Motion to Dismiss. (Doc. #13[1].)  Plaintiff has opposed the Motion.  (Doc. #16.)  There has been no reply.

## I. BACKGROUND

At all relevant times, Plaintiff Raymond Padilla was in custody of the Nevada Department of Corrections (NDOC).  Plaintiff is currently an inmate at  High Desert State Prison (HDSP); however, the allegations set forth in Plaintiff's complaint pertain to events taking place when he was as an inmate at Ely State Prison (ESP).  Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff names defendants who are administrators, correctional officers, and employees within the NDOC system.

In Claim 1 Plaintiff alleges that prison officials have manifested a deliberate indifference to his serious medical needs by denying him treatment and medications for his skin condition.

_____

[1] Refers to court's docket number.

1   (Doc. #1 Ex. A.)  In Claim 2 Plaintiff alleges that prison officials have manifested a deliberate

2   indifference to his serious medical needs by failing to transfer him to a warmer and more

3   humid climate.  (*Id*.)  In Claim 3 Plaintiff alleges that Defendants have caused him to incur

4   improper medical charges related to his skin condition.  (*Id*.)  Based on these allegations,

5   Plaintiff pleads a violation of his Eighth Amendment right to be free from cruel and unusual

6   punishment.  Plaintiff seeks declaratory and injunctive relief as well as compensatory and

7   punitive damages.  (*Id*.)

8                                        **II. LEGAL STANDARD**

9         "A dismissal under Fed.R.Civ.P. 12(b)(6) is essentially a ruling on a question of law."

10  *North Star Int'l v. Ariz. Corp. Comm.,* 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted).

11  At minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on

12  its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The complaint need not

13  contain detailed factual allegations, but it must contain more than "a formulaic recitation of

14  the elements of a cause of action." *Id*. at 1965.  The Rule 8(a) notice pleading standard requires

15  the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon

16  which it rests."  *Id*. at 1964 (internal quotations and citation omitted).  The "plausibility

17  standard" does not impose a "probability requirement," rather, it requires a complaint to

18  contain "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v.*

19  *Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "Where a complaint pleads facts that are merely consistent

20  with a defendant's liability, it stops short of the line between possibility and plausibility of

21  entitlement to relief."  *Id*.

22        In considering a motion to dismiss for failure to state a claim upon which relief may be

23  granted, all material allegations in the complaint are accepted as true and are to be construed

24  in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336,

25  337-38 (9th Cir. 1996) (citation omitted).  However, this tenet is "inapplicable to legal

26  conclusions."  *Iqbal*, 129 S.Ct. at 1949.  "Threadbare recitals of the elements of a cause of

27  action, supported by mere conclusory statements, do not suffice." *Id*.  "While legal conclusions

28                                                      2

1    can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

2    at 1950.  Additionally, "only a complaint that states a plausible claim for relief survives a

3    motion to dismiss." *Id.*  A court should assume the veracity of well-pleaded factual allegations

4    and "then determine whether they plausibly give rise to an entitlement to relief." *Id.*  "[W]here

5    the well-pleaded facts do not permit the court to infer more than the mere possibility of

6    misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to

7    relief." *Id.* (citations, brackets, and quotation omitted).  Thus, a complaint may be dismissed

8    as a matter of law for, "(1) lack of a cognizable legal theory or (2) insufficient facts under a

9    cognizable legal claim." *Smilecare Dental Group v. Delta Dental Plan,* 88 F.3d 780, 783 (9th

10   Cir 1996) (quoting *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 534 (9th Cir.

11   1984)).

12          A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed

13   where it appears certain that the plaintiff would not be entitled to relief.  *Ortez v. Washington

14   County, State of Or.,* 88 F.3d 804, 807 (9th Cir. 1996).  Although allegations of a *pro se*

15   complaint are held to a less stringent standard than formal pleadings drafted by a lawyer,

16   *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice.  *Leer

17   v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

18                              **III. DISCUSSION**

19          A prisoner can establish an Eighth Amendment violation arising from deficient medical

20   care if he can prove that prison officials were deliberately indifferent to a serious medical need.

21   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A finding of deliberate indifference involves the

22   examination of two elements: the seriousness of the prisoner's medical need and the nature of

23   the defendant's responses to that need.  *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

24   1992).  A "serious" medical need exists if the failure to treat a prisoner's condition could lead

25   to further injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S.

26   at 104). Examples of conditions that are "serious" in nature include an injury that a reasonable

27   doctor or patient would find important and worthy of comment or treatment, a medical

28                                     3

condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain. *McGuckin*, 974 F.2d at 1060; *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

If the medical needs are serious, the plaintiff must show that the defendants acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. The plaintiff must demonstrate that the prison medical staff knew of and disregarded an excessive risk to his health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment" or the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner. *Hamilton v. Endell,* 981 F.2d 1062, 1066 (9th Cir. 1992); *Hunt v. Dental Dept.*, 865 F.2d 198, 201 (9th Cir. 1989) (citations omitted). "Deliberate indifference entails something more than mere negligence." *Farmer*, 511 U.S. at 835-36. Instead, it is only present when a prison official "knows of and disregards an excessive risk" to an inmate's health and safety. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 858 (1994)).

Defendants argue that Plaintiff's complaint should be dismissed because: (1) Plaintiff has failed to allege any specific deprivations linked to any specific defendant; (2) Claim 1 and Claim 2 are barred by res judicata;[2] (3) claims brought against the State of Nevada, NDOC, and other defendants in their official capacity are barred by the Eleventh Amendment; and (4) defendants are entitled to qualified immunity. (Defs.' Mot. to Dismiss (Doc. #13 ).)

A claim brought under 42 U.S.C. § 1983 requires a specific relationship between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. *See*

---

[2] Defendants argue that Claims 1 and 2 in this action (410 action) are exactly the same as claims Plaintiff filed in Case No. 3:08-cv-00419-ECR-VPC (419 action) and should be summarily dismissed. (Defs.' Mot. 7-8). Defendants assert that the 419 action is the earlier filed action and bars identical claims in the 410 action. Defendants are correct that a district court may dismiss, stay, or consolidate a duplicative later-filed action. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). However, this principle is inapplicable here because the 410 action, not the 419 action, was filed first. The 410 action was filed in state court on April 21, 2008, (Defs.' Mot. 2) while the 419 action was filed April 27, 2008. (419 action Doc. #1 Ex. A).

4

1   *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The

2   Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional

3   right, within the meaning of §1983, if he does an affirmative act, participates in another's

4   affirmative acts or omits to perform an act which he is legally required to do that causes the

5   deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

6       Here, in Claims 1 and 3, while Plaintiff has named numerous defendants in the caption

7   of his complaint, he has failed to individually link them with an affirmative act or omission that

8   violated his constitutional rights.   Both of these claims are little more than threadbare

9   allegations supported by legal conclusions.  Indeed, Plaintiff fails to  allege facts specific to any

10  individual showing he or she acted to violate his constitutional rights in Claims 1 and 3 and

11  therefore fails to state viable claims.

12      Moreover, to the extent that Plaintiff has attempted to sue certain Defendants under a

13  theory of supervisory liability, Plaintiff has not alleged sufficient facts to state a claim.

14  Supervisory personnel are generally not liable under § 1983 for the actions of their employees

15  under a theory of respondeat superior.  When a named defendant holds a supervisory position,

16  the causal link between him and the claimed constitutional violation must be specifically

17  alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d

18  438, 441 (9th Cir. 1978), *cert. denied*, 442 U.S. 941 (1979).  Plaintiff must allege facts indicating

19  that a supervisory defendant either: personally participated in the alleged deprivation of

20  constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

21  or implemented a policy "so deficient that the policy itself is a repudiation of constitutional

22  rights" and is "the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d

23  642, 646 (9th Cir. 1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff has

24  failed to allege any facts against Defendants to state a claim for a constitutional violation or for

25  supervisory liability, and therefore Claims 1 and 3 should be dismissed.

26      In Claim 2, Plaintiff specifically names Defendants McDaniel, Endel, Oxborrow, and

27  Pelter as individuals who refuse to comply with medical recommendations to transfer Plaintiff

28

to an institution located in a warmer and more humid climate.  Although Plaintiff alleges with specificity the severity of his medical condition and the recommendation of a transfer, he fails to provide factual support that the four named Defendants had knowledge of and disregarded the excessive risk to his health by failing to effectuate the transfer.  As to all other Defendants, Plaintiff's Claim 2 fails because of the same infirmities as discussed above for Claims 1 and 3. Therefore, Plaintiff's complaint as to all Defendants should be dismissed.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING** Defendants' Motion to Dismiss without prejudice and with leave to amend (Doc. #13).

**IT IS FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING AS MOOT** Plaintiff's "Motion Requesting Preliminary Injunction, and Restraining Order" (Doc. #6).

The parties should be aware of the following:

1.      That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt.  These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:   October 21, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

6