# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND PADILLA,<br><br>        Plaintiff,<br><br>vs.<br><br>STATE OF NEVADA, et al.,<br><br>        Defendants. | 3:08-cv-410-LRH (RAM)<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion to Dismiss. (Doc. #37.)[1] Plaintiff has opposed (Doc. #40), Defendants replied (Doc. # 41), and Plaintiff filed a response to Defendants' reply (Doc. # 42). Also before the court is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. # 31 and Doc. # 32.)[2] Defendants opposed (Doc. # 35 and Doc. # 36) and Plaintiff replied (Doc. # 39). After a thorough review, the court recommends that Defendants' Motion to Dismiss be granted in part and denied in part, as set forth below. The court further recommends that Plaintiff's Motion for Temporary Restraining Order and Preliminary injunction be denied.

///

---

[1] Refers to the court's docket number.

[2] These documents are identical.

## I. BACKGROUND

At all relevant times, Plaintiff Raymond Padilla was in custody of the Nevada Department of Corrections (NDOC). Plaintiff is currently an inmate at High Desert State Prison (HDSP); however, Plaintiff's allegations pertain to events taking place when he was an inmate at Ely State Prison (ESP). (Pl.'s Am. Compl. (Doc. # 20).) Plaintiff, a *pro se* litigant, brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) Plaintiff names the following Defendants: the State of Nevada; NDOC; former Nevada Governor Gibbons; Nevada Attorney General Masto; former Nevada Governor Guinn[3]; Secretary of State Miller; former NDOC Director Whorton; former NDOC Director Crawford; current NDOC Director Skolnik; Acting NDOC Director Cox; ESP Warden McDaniel; ESP Associate Warden Brooks; former ESP Associate Warden Endel; former NDOC Medical Director D'Amico; current NDOC Medical Director Bannister; and caseworkers Irvin, Oxborrow, Weiss, Drain, and Peltzer. (*Id.*, Doc. #372.)

Plaintiff's complaint, originally filed in the Seventh Judicial District Court of the State of Nevada on April 21, 2008, was removed by Defendants. (*See* Doc. # 1 and Doc. # 11.) In its screening order, the court found Plaintiff stated a colorable claim for deliberate indifference to a serious medical need. (*See* Doc. # 11 at 2.) The court previously granted a motion to dismiss filed by Defendants, with leave to amend. (*See* Doc. # 19 and Doc. # 21.) On November 5, 2009, Plaintiff filed his Amended Complaint. (Doc. # 20.)

Plaintiff's Amended Complaint contains two counts alleging violation of the Eighth Amendment in connection with Defendants' denial of medication and treatment for his skin condition, and denial of his transfer to a facility in a warmer, more humid climate. (Doc. #20.)

---

[3] Plaintiff names former Nevada Governor Guinn as well as former Nevada Governor Gibbons as defendants. (Doc. # 20.) Under Rule 25(d), "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absence of such an order does not affect the substitution." Fed.R.Civ.P. 25(d). Insofar as former Governors Guinn and Gibbons are sued in their official capacity, current Nevada Governor Brian Sandoval is automatically substituted in their place. The personal capacity claims are addressed below.

Plaintiff also includes a vague reference to an equal protection violation. (*Id.*) Plaintiff seeks to recover declaratory and injunctive relief as well as nominal, compensatory and punitive damages. (*Id.* at 10.)

## II. LEGAL STANDARD-MOTION TO DISMISS

"A dismissal under Federal Rule of Civil Procedure 12(b)(6) is essentially a ruling on a question of law." *North Star Int'l v. Ariz. Corp. Comm'n.,* 720 F.2d 578, 580 (9th Cir. 1983) (citation omitted). Under Rule 8(a), "a claim for relief must contain…a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The Supreme Court has found that at minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need not contain detailed factual allegations, but it must contain more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555 (citation omitted). The Rule 8(a) notice pleading standard requires the plaintiff to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotations and citation omitted). The "plausibility standard" does not impose a "probability requirement," rather, it requires a complaint to contain "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Plausible on its face means that "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must do more than "tender[ ] 'nake assertion[s]' devoid of 'further factual enhancement.'" *Id.* (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks and citation omitted).

In considering a motion to dismiss for failure to state a claim upon which relief may be granted, all material allegations in the complaint are accepted as true and are to be construed in a light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-38 (9th Cir. 1996) (citation omitted). However, this tenet is "inapplicable

3

to legal conclusions." *Iqbal*, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

The Ninth Circuit recently stated: "First, allegations in a complaint or counterclaim must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it. Second, the allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 633 F.3d 1191, 1204 (9th Cir. 2011).

A *pro se* plaintiff's complaint must be construed liberally and can only be dismissed where it appears certain that the plaintiff would not be entitled to relief. *Ortez v. Washington County, State of Or.*, 88 F.3d 804, 807 (9th Cir. 1996). Although allegations of a *pro se* complaint are held to a less stringent standard than formal pleadings drafted by a lawyer, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations will not suffice. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

### III. DISCUSSION

**A. STATE OF NEVADA AND NDOC**

Plaintiff names the State of Nevada and NDOC as defendants in this action. The Eleventh Amendment bars suits against states as well as state agencies as they are considered an "arm of the state" and not a "person" for the purpose of § 1983. U.S. Const. amend. XI; *see also Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997), *amended*, 127 F.3d 1135 (9th Cir. 1997); *Doe v. Lawrence Livermore Nat. Laboratory*, 131 F.3d 836, 839 (9th Cir. 1997) (citing *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70 (1989)). Therefore, the State of Nevada and NDOC should be dismissed from this action with prejudice.

**B. PERSONS AMENABLE TO SUIT UNDER 42 U.S.C. § 1983**

A state official sued in his or her official capacity for damages is not a person subject to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Claims

4

1 against defendants in their official capacities are actually suits against the entity of which the
2 named defendants are agents. *See Kentucky v. Graham*, 473 U.S. 159 (1985). "As long as the
3 government entity receives notice and an opportunity to respond, an official-capacity suit is,
4 in all respects other than name, to be treated as a suit against the entity." *Id.* at 166. The real
5 party in interest in such suits is the entity itself, and the entity, not the named defendant, will
6 be liable for any damages. *Id.* To the extent Plaintiff alleges official capacity damages claims,
7 they should be dismissed with prejudice.

**C.    EQUAL PROTECTION**

Plaintiff references the Equal Protection Clause in his Amended Complaint. As determined in screening, Plaintiff's factual allegations only assert a claim for deliberate indifference to serious medical needs under the Eighth Amendment. (*See* Doc. # 11.) Plaintiff does not include facts that show any intent or purpose to discriminate against Plaintiff based upon his membership in a protected class. *See Serrano v. Francis*, 345 F.3d 1971, 1982 (9th Cir. 2003). Plaintiff's equal protection claims should be dismissed with prejudice.

**D.    RES JUDICATA**

Defendants argue that the instant action (Padilla II) is barred as a result of claim preclusion because Plaintiff filed a prior action, 3:05-cv-215-PMP-VPC (Padilla I), alleging the failure to properly treat his skin condition, which was resolved by a stipulated dismissal with prejudice. (Doc. # 37 4-5.) Defendants concede that Padilla II contains the additional allegation that Defendants violated his constitutional rights by failing to transfer him to a warmer climate, but argue that Plaintiff had the opportunity to raise that claim in the prior action. (*Id.* at 5.) Plaintiff argues that Padilla II is not precluded because it involves Defendants' interference and refusal to provide Plaintiff with prescriptions and treatment ordered since the filing of Padilla I. (Doc. # 40 at 4-5.)

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Here, Defendants have presented the issue of claim preclusion, which provides that

5

a final judgment on the merits of an action precludes the parties from relitigating all issues that were or could have been raised in that action. *Id.* at 892; *see also Rein v. Providian Financial Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001). Res judicata "protects 'against the expense and vexation attending multiple lawsuits, conserve[s] judicial resources, and foste[rs] reliance on judicial action by minimizing the possibility of inconsistent decisions.'" *Taylor*, 553 U.S. at 892 (citation omitted). Claim preclusion is appropriate where: (1) there was a final judgment on the merits; (2) the same claim or cause of action was involved in both suits; and (3) the parties are identical or in privity. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

In deciding a motion to dismiss under Rule 12(b), the court limits its inquiry to the content of the complaint and matters of which the court may take judicial notice. *See, e.g., Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The court may take judicial notice of the filings in Padilla I. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted) ("A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment"); *see also Shaw v. Hahn*, 56 F.3d 1128, 1129 n. 1 (9th Cir. 1995) (taking judicial notice of records to determine preclusive effect of earlier case).

Defendants' argument for claim preclusion depends not only on the public filings in Padilla I, but also on the terms of the settlement agreement between the parties in Padilla I and facts which are not included in the pleadings in either case and have not been presented to the court with this motion. (*See* Doc. # 41 Ex. C.) According to Defendants, the terms of the settlement agreement resolve the dispute concerning the identity of claims in Padilla I and Padilla II to the extent Plaintiff now asserts there was an agreement that the settlement would not affect claims filed after Padilla I. The settlement agreement is not a public document of which the court can take judicial notice, and to consider it, the court would have to treat Defendants' motion as one for summary judgment under Rule 56. *See* Fed.R.Civ.P. 12(d).

In an action involving a *pro se* plaintiff, the court must inform the plaintiff "that it is considering more than the pleadings and must afford a reasonable opportunity to present all pertinent material." *Anderson v. Angelone*, 86 F.3d 932, 934-35 (9th Cir. 1996)(citing *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988)). While the court did provide Plaintiff with the Rule 56 requirements pursuant to *Klingele* after Defendants filed their Motion to Dismiss (*see* Doc. # 38), Defendants did not include the settlement agreement from Padilla I in their moving papers. The settlement agreement was only included in Defendants' reply, depriving Plaintiff of a full and reasonable opportunity to present all material pertinent to oppose the motion. Therefore, the court should decline to treat the motion as one for summary judgment.

Moreover, it is not clear from the Amended Complaint in Padilla II when Plaintiff's claim regarding the alleged failure to transfer him to a warmer climate arose so the court could consider whether he could have brought this claim in Padilla I. Because any finding on this issue would require consideration of evidence outside the four corners of the pleadings or matters of which the court may take judicial notice, the court cannot consider Defendants' argument of claim preclusion in a motion to dismiss under Rule 12(b). The court does not express an opinion at this time on whether Defendants may have a valid claim preclusion argument in a properly supported motion for summary judgment.

### E.   PERSONAL PARTICIPATION

The court finds that Plaintiff has failed to allege facts sufficient to make the personal participation plausible with respect to the Board of Prison Commissioners defendants (Gibbons, Guinn, Masto, Miller), NDOC administrator defendants (Whorton, Crawford, Skolnik, Cox), and caseworker defendants (Oxborrow, Weiss, Drain, Irvin, Peltzer). There is no challenge posed to the sufficiency of the allegations as to Defendants McDaniel, Brooks, Endel, D'Amico, and Bannister.

An inmate can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need.

*Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's responses to that need. *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds in WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997). If the medical needs are serious, the plaintiff must show that the defendants acted with deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. The plaintiff must demonstrate that the defendant knew of and disregarded an excessive risk to his health. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Defendants do not dispute that Plaintiff has adequately alleged a serious medical need. Instead, they assert Plaintiff has failed to allege facts to demonstrate that each named defendant personally participated in the constitutional violation, *i.e.*, that each defendant knew of and disregarded an excessive risk to Plaintiff's health.

To the extent they are sued in their official capacities for damages, the court has already noted above that these claims should be dismissed. To the extent Plaintiff sues these defendants in their official capacity for injunctive or declaratory relief, this is essentially another way of suing the NDOC. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky*, 473 U.S. at 166). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's "policy or custom" must have played a part in the violation of federal law.'" *Id.* (citations omitted). Plaintiff has not included factual allegations that these defendants were enforcing a custom or policy that caused the violation of Plaintiff's rights.

To the extent Plaintiff sues these defendants in their personal capacities for damages and injunctive relief, the Plaintiff fails to state a claim upon which relief may be granted. As with *Twombly* and *Iqbal*, Plaintiff has not "nudged [his] claims" of deliberate indifference "across the line from conceivable to plausible" with respect to these Defendants. *Twombly*, 550 U.S. at 570; *Iqbal*, 129 S.Ct. at 1951.

8

1    Plaintiff alleges generally that Defendants : (1) intentionally and deliberately interfered
2 with, discontinued, and denied prescribed medications (Doc. # 20 at 3-5); and (2)
3 intentionally ignored the substantial risk to Plaintiff's health by incarcerating him at an
4 institution located in a cold, dry climate when they knew this would cause him pain and
5 suffering (Doc. # 20 at 4-7).

6    A claim brought under 42 U.S.C. § 1983 requires a specific relationship between the
7 actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.
8 *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).
9 The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
10 constitutional right, within the meaning of § 1983, if he does an affirmative act, participates
11 in another's affirmative acts, or omits to perform an act which he is legally required to do that
12 causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743
13 (9th Cir. 1978)(citation omitted). Thus, Plaintiff must demonstrate that *each* named
14 defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d
15 930, 934 (9th Cir. 2002).

16    Despite being given several chances to cure the deficiencies in his complaint, Plaintiff
17 has simply not included sufficient factual allegations to make it plausible that these
18 Defendants personally participated in the denial of prescription medications and treatment
19 or in the denial of his transfer to an out-of-state institution in a warmer, humid climate. That
20 is to say, Plaintiff has not included factual allegations that each of these defendants did an
21 affirmative act, participated in the affirmative act of another, or failed to perform an act he or
22 she was legally required to do, which resulted in the denial of Plaintiff's prescription
23 medication and treatment or the denial of his transfer.

24    In addition, supervisory personnel are generally not liable under § 1983 for the actions
25 of their employees under a theory of *respondeat superior*. When a named defendant holds
26 a supervisory position, the causal link between him and the claimed constitutional violation
27 must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher*
28

1  *v. Saalfield*, 589 F.2d 438, 441 (9th Cir. 1978). Plaintiff must allege facts that a supervisory
2  defendant either: personally participated in the alleged deprivation of constitutional rights;
3  knew of the violations and failed to act to prevent them; or promulgated or implemented a
4  policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the
5  moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.
6  1989); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "[W]here the applicable
7  constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory
8  liability based upon the supervisor's knowledge of and acquiescence in unconstitutional
9  conduct by others." *Starr v. Baca*, 633 F.3d 1191, 1196 (9th Cir. 2011).

      Here, Plaintiff has simply not included any allegations of conduct on the part of these Defendants that would give rise to any plausible theory of liability. Plaintiff is asserting that he was deprived of medical prescriptions and treatment and was refused transfer to a warmer, more humid climate. These defendants are former governors, NDOC directors, and caseworkers. They are not medical personnel or wardens of the facility where Plaintiff was incarcerated. Plaintiff has not included facts that bring these allegations within the realm of plausibility with respect to these defendants. Instead, the allegations of the Amended Complaint are insufficient under *Iqbal*, which disavowed a "formulaic recitation of the elements" of the constitutional claim, and held that such allegations are "disentitle[d] to the presumption of truth." *Iqbal*, 129 S.Ct. 1937, 1951 (2009). Plaintiff does not allege *facts* regarding these defendants' knowledge of and acquiescence in unconstitutional conduct by others. Plaintiff completely fails to present a factual context so that his claim is "plausible" on its face despite being given several opportunities to do so.

      In sum, Plaintiff's Amended Complaint fails to state any § 1983 claim upon which relief may be granted as to Defendants Guinn, Gibbons, Masto, Miller, Whorton, Skolnik, Crawford, Cox, Oxborrow, Weiss, Drain, Irvin, and Peltzer. Since Plaintiff has had several opportunities to cure these deficiencies, these defendants should be dismissed with prejudice. While dismissal with prejudice is a harsh remedy, it is not necessary to allow Plaintiff to continually

amend his complaint when re-pleading would be futile. *McHenry v. Renne*, 84 F.3d 1172, 1178-79 (9th Cir. 1996) (citation omitted). These are simply not the proper defendants in this action.

Plaintiff should note that his suit can proceed on his Eighth Amendment claim for deliberate indifference arising out of the alleged denial of medical prescriptions and treatment and refusal to transfer him to a warmer, humid out-of-state facility against Defendants McDaniel, Brooks, Endel, D'Amico, and Bannister.

## F.     QUALIFIED IMMUNITY

Defendants argue that they (excluding D'Amico and Bannister) should be afforded qualified immunity at this stage of the case because they are not trained medical professionals and it would have been reasonable for them to defer to the judgment of medical professionals under the circumstances. (Doc. # 37 at 8-10.)

"[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 815 (2009) (citation and internal quotations omitted). Under certain circumstances, state officials are entitled to qualified immunity when sued in their personal capacities. *Carey v. Nev. Gaming Control Bd.*, 279 F.3d 873, 879 (9th Cir. 2002) (citations omitted). When a state official reasonably believes his or her acts were lawful in light of clearly established law and the information they possessed, the official may claim qualified immunity. *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam); *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir. 2001). In considering qualified immunity, the court must: (1) determine whether plaintiff alleges a deprivation of a constitutional right, assuming the truth of his factual allegations, and (2) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1241 (2010) (quoting *Pearson*, 555 U.S. 223, 129 S.Ct. at 816). "Whether a right is clearly established turns on the 'objective legal reasonableness of the action, assessed in light

11

1  of the legal rules that were clearly established at the time it was taken.'" *Id.* (quoting *Pearson*, 555 U.S., 129 S.Ct. at 822).

Upon the presentation of evidence, prison officials may be relieved of any liability in this case, however, at this juncture the court cannot determine the qualified immunity issue because the court cannot evaluate the objective reasonableness of Defendants' conduct on the basis of the complaint alone. The court notes that Defendants' request that the court make a determination on qualified immunity at this stage appears to be at odds with their assertion that Plaintiff has not alleged facts sufficient to state any claim. Therefore, the motion to dismiss is inappropriate on this ground.

## **IV.  MOTION FOR TRO AND PRELIMINARY INJUNCTION**

Plaintiff filed a motion for temporary restraining order (Doc. # 31) and preliminary injunction (Doc. # 32) asserting that he is deprived of legal books and has to wait for legal materials in restrictive segregation at HDSP. He argues that the law library is not equipped to provide inmates in restrictive segregation with proper access to legal materials. (*Id.* at 2) He also asserts he is deprived of sufficient quantities of legal supplies, and is denied access to his own inmate files. (*Id.* at 3.) He requests an order lifting legal copy restrictions, allowing him access to his inmate files, inmate accounting records, medical files, and prescription records. (*Id.*)

The court observes that Plaintiff may misunderstand the concept of injunctive relief. Although the Ninth Circuit has not addressed the issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

This action is based on Plaintiff's claim that Defendants violated his Eighth Amendment rights by their alleged deliberate indifference to a serious medical need--his skin condition.

(*See* Doc. # 20.) The request for a temporary restraining order and preliminary injunction, on the other hand, assert a denial of Plaintiff's right to access the courts under the First Amendment. The claims are distinct and Plaintiff has not alleged an access to courts claim in this action. The facts asserted in the request for temporary restraining order and injunctive relief cannot support injunctive relief in this action concerning Plaintiff's Eighth Amendment rights. Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. Accordingly, Plaintiff's request for temporary restraining order and preliminary injunction should be denied.

## V. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an Order **GRANTING IN PART** and **DENYING IN PART** Defendants' Motion to Dismiss (Doc. #37) as follows:

- The claims against the State of Nevada and NDOC should be dismissed with prejudice;
- The claims asserted against Defendants under 42 U.S.C. § 1983 in their official capacities with respect to damages should be dismissed with prejudice;
- Plaintiff's claim that Defendants violated his rights under the Equal Protection Clause should be dismissed with prejudice;
- The claims asserted against Defendants Guinn, Gibbons, Masto, Miller, Whorton, Crawford, Skolnik, Cox, Irvin, Oxborrow, Weiss, Drain, and Peltzer should be dismissed with prejudice;
- The motion to dismiss on the ground of claim preclusion should be denied;
- The motion to dismiss on the ground of qualified immunity should be denied; and

- Defendants McDaniel, Brooks, Endel, D'Amico, and Bannister should be ordered to answer Plaintiff's Amended Complaint within fourteen (14) days after the District Judge enters an order adopting this Report and Recommendation.

**IT IS HEREBY FURTHER RECOMMENDED** that the District Judge enter an Order **DENYING** Plaintiff's Motion for Temporary Restraining Order (Doc. # 31) and Motion for Preliminary Injunction (Doc. # 32).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED: June 3, 2011.

_____
UNITED STATES MAGISTRATE JUDGE