```
_____ FILED            _____ RECEIVED
_____ ENTERED          _____ SERVED ON
                        COUNSEL/PARTIES OF RECORD

          SEP 3 0 2011

        CLERK US DISTRICT COURT
         DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RAYMOND PADILLA, | 3:08-cv-410-LRH (WGC) |
|       Plaintiff, | **REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| STATE OF NEVADA, et al., | |
|       Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Plaintiff's Motion for Permanent Restraining Order and Preliminary Injunction. (Doc. # 48 and Doc. # 49.)[1] Defendants opposed. (Doc. # 50 and Doc. # 51.) Plaintiff did not file a reply. After a thorough review, the court recommends Plaintiff's motion (Doc. # 48 and Doc. # 49) be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Raymond Padilla (Plaintiff) was in custody of the Nevada Department of Corrections (NDOC). Plaintiff is currently incarcerated at High Desert State Prison (HDSP), however, Plaintiff's allegations also pertain to events taking place when he was

---

[1] Refers to the court's docket number. Doc. # 48 and Doc. # 49 are identical. While the title of Plaintiff's motion suggests he is seeking a permanent injunction, the points and authorities in support request a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65. Therefore, the court will construe the motion as seeking a temporary restraining order and preliminary injunction.

1    housed at Ely State Prison (ESP). (Pl.'s Am. Compl. (Doc. # 20).) Plaintiff, a *pro se* litigant,

2    brings this action pursuant to 42 U.S.C. § 1983. (*Id.*) The remaining defendants are McDaniel,

3    Brooks, Endel, D'Amico, and Bannister (Defendants). (*See* Doc. # 46 and Doc. # 52.)

4         Plaintiff's complaint, originally filed in the Seventh Judicial District Court of the State

5    of Nevada on April 21, 2008, was removed by Defendants. (*See* Doc. # 1 and Doc. # 11.) On

6    screening, the court found Plaintiff stated a colorable claim for deliberate indifference to a

7    serious medical need. (*See* Doc. # 11 at 2.) On November 5, 2009, Plaintiff filed his Amended

8    Complaint. (Doc. # 20.) Plaintiff's Amended Complaint contains two counts alleging violation

9    of the Eighth Amendment in connection with Defendants' denial of medication and treatment

10   for his skin condition, and denial of his transfer to a facility in a warmer, more humid climate.

11   (Doc. #20.) Plaintiff seeks to recover declaratory and injunctive relief as well as nominal,

12   compensatory and punitive damages. (*Id.* at 10.)

13        On June 20, 2011, Plaintiff filed the instant motion seeking a temporary restraining

14   order and preliminary injunction. (Doc. # 48 and Doc. # 49.)

15                              **II. LEGAL STANDARD**

16        The purpose of a preliminary injunction or temporary restraining order is to preserve

17   the status quo if the balance of equities so heavily favors the moving party that justice requires

18   the court to intervene to secure the positions until the merits of the action are ultimately

19   determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary

20   injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf*

21   *v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court

22   "must balance the competing claims of injury and must consider the effect on each party of the

23   granting or withholding of the requested relief." *Winter v. Natural Resources Defense*

24   *Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The

25   instant motion requires that the court determine whether Plaintiff has established the

26   following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm

27   in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an

28                                    2

1  injunction is in the public interest. *Id.* at 20 (citations omitted).

2        Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for

3  issuing a preliminary injunction that allowed the movant to offset the weakness of a showing

4  on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d

5  1127, 1131 (9th Cir. 2011). In *Winter*, the Supreme Court did not directly address the

6  continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See*

7  *Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting: "[C]ourts have evaluated claims for equitable

8  relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when

9  the likelihood of success is very high...This Court has never rejected that formulation, and I

10  do not believe it does so today."); *see also Alliance*, 632 F.3d at 1131. Instead, the portion of

11  the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to

12  likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See*

13  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit has since

14  found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test

15  "survives...when applied as part of the four-element *Winter* test." *Alliance*, 632 F.3d at 1131-

16  32. "In other words, 'serious questions going to the merits' and a hardship balance that tips

17  sharply toward the plaintiff can support issuance of an injunction, assuming the other two

18  elements of the *Winter* test are also met." *Id.*

19        An even more stringent standard is applied where mandatory, as opposed to

20  prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same

21  general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary

22  relief that goes well beyond maintaining the status quo pendente lite, courts should be

23  extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic*

24  *Committee*, 740 F.2d 670, 675 (9th Cir. 1984) (citation omitted). Thus, an award of

25  mandatory preliminary relief is not to be granted unless both the facts and the law clearly

26  favor the moving party and extreme or very serious damage will result. *See Anderson v.*

27  *United States*, 612 F.2d 1112, 1115 (9th Cir. 1979) (citations omitted). "[I]n doubtful cases" a

28

1  mandatory injunction will not issue. *Id.*

2      Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must

3  satisfy additional requirements when seeking preliminary injunctive relief against prison

4  officials.  The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no
> further than necessary to correct the harm the court finds requires
> preliminary relief, and be the least intrusive means necessary to
> correct that harm. The court shall give substantial weight to any
> adverse impact on public safety or the operation of a criminal
> justice system caused by the preliminary relief and shall respect
> the principles of comity set out in paragraph (1)(B) in tailoring
> any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary

injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987,

998 (9th Cir.  2000). "Section 3626(a)...operates simultaneously to restrict the equity

jurisdiction of federal courts and to protect the bargaining power of prison administrators-no

longer may courts grant or approve relief that binds prison administrators to do more than

the constitutional minimum." *Id.* at 999.

    The standard for issuing a temporary restraining order is identical to the standard for

preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240

F.3d 832, 839 n.7 (9th Cir. 2001). Moreover, it is appropriate to treat a non-ex parte motion

for a temporary restraining order and preliminary injunction as a motion for a preliminary

injunction. *See* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*

§ 2951 (2d ed. 2007) ("When the opposing party actually receives notice of the application for

a restraining order, the procedure that is followed does not differ functionally from that on an

application for a preliminary injunction and the proceeding is not subject to any special

requirements.").

### III. DISCUSSION

    Plaintiff requests that the court enter an order directing Defendants: (1) to stop

interfering with his medical treatment; (2) to comply with physicians' previous medical orders

4

to transfer Plaintiff to an institution with a dermatologist; (3) to properly treat his skin disease; (4) to transfer Plaintiff to a warm, humid climate; and (5) to fill the prescriptions to treat his symptoms. (Doc. # 48 and Doc. # 49.) Plaintiff claims he is likely to succeed on the merits because Defendants have an obligation to provide him with adequate medical care. (Doc. # 48-1 at 2-3, Doc. # 49-1 at 2-3.) Plaintiff argues that he will suffer irreparable harm in the absence of an injunction because his Eighth Amendment rights are being violated, and Defendants will not be harmed by providing Plaintiff medical treatment. (*Id.*) He claims that the public interest is served by providing all persons with medical care. (*Id.*)

First, Defendants argue Plaintiff has not shown a strong likelihood of success on the merits because this action is duplicative of a previous action, which was settled and dismissed with prejudice via a stipulated dismissal order. (Doc. # 50 at 3, Doc. # 51 at 3.) Furthermore, Defendants argue Plaintiff cannot show a likelihood of success because he has no constitutional right to be housed at an institution of his choice. (*Id.*) Second, Defendants argue Plaintiff fails to establish he will suffer irreparable injury unless given a transfer because there is no guarantee that housing in a humid climate will relieve Plaintiff of his skin disorder. (*Id.*) Third, Defendants argue that the balance of hardships tips in their favor because transfer to a humid climate in another state would require execution of an interstate compact. (*Id.*) Finally, Defendants contend Plaintiff's request for equitable relief must be denied because he seeks a mandatory injunction, instead of mere preservation of the status quo. (*Id.* at 3-4.)

The court finds, at this juncture, that Plaintiff fails to satisfy the legal prerequisites for injunctive relief.

### 1. Likelihood of Success on the Merits

In order to be granted a preliminary injunction, Plaintiff must show he is likely to succeed on the merits of a claim that would entitle him to the equitable remedy he seeks. *Winter*, 555 U.S. at 20.

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need.

1   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A finding of deliberate indifference involves the

2   examination of two elements: "the seriousness of the prisoner's medical need and the nature

3   of the defendant's responses to that need." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.

4   1992), *rev'd on other grounds, WMX Tech., Inc. v. Miller*, 104 F.3d. 1133 (9th Cir. 1997).

5   "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in

6   further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (citing *Estelle*,

7   429 U.S. at 104). Examples of conditions that are "serious" in nature include "an injury that

8   a reasonable doctor or patient would find important and worthy of comment or treatment; the

9   presence of a medical condition that significantly affects an individual's daily activities; or the

10  existence of chronic and substantial pain." *Id.* at 1059-60; *see also Lopez v. Smith*, 203 F.3d

11  1122, 1131 (9th Cir. 2000) (quoting *McGuckin* and finding that inmate whose jaw was broken

12  and mouth was wired shut for several months demonstrated a serious medical need).

13       If the medical needs are serious, Plaintiff must show that Defendants acted with

14  deliberate indifference to those needs. *Estelle*, 429 U.S. at 104. "Deliberate indifference is a

15  high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Deliberate

16  indifference entails something more than medical malpractice or even gross negligence. *Id.*

17  Inadvertence, by itself, is insufficient to establish a cause of action under § 1983. *McGuckin*,

18  974 F.2d at 1060. Instead, deliberate indifference is only present when a prison official

19  "knows of and disregards an excessive risk to inmate health or safety; the official must both

20  be aware of the facts which the inference could be drawn that a substantial risk of serious

21  harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837

22  (1994); *see also Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002) (quoting *Farmer*, 511

23  U.S. at 858). "Prison officials are deliberately indifferent to a prisoner's serious medical needs

24  when they deny, delay, or intentionally interfere with medical treatment" or the express orders

25  of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner.

26  *Hunt v. Dental Dep't.*, 865 F.2d 198, 201 (9th Cir. 1989) (internal quotation marks and

27  citation omitted). Where delay in receiving medical treatment is alleged, a prisoner must

28                                                    6

1  demonstrate that the delay led to further injury. *McGuckin*, 974 F.2d at 1060.

2      In addition, a prison physician is not deliberately indifferent to an inmate's serious

3  medical need when the physician prescribes a different method of treatment than that

4  requested by the inmate. *See McGuckin*, 974 F.2d at 1059 (explaining that negligence in

5  diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth

6  Amendment rights); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (difference of opinion

7  regarding the best course of medical treatment does not amount to deliberate indifference);

8  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (difference of opinion between a

9  prisoner-patient and medical staff regarding treatment is not cognizable under § 1983). To

10  establish that a difference of opinion amounted to deliberate indifference, the inmate "must

11  show that the course of treatment the doctors chose was medically unacceptable under the

12  circumstances" and that the course of treatment was chosen "in conscious disregard of an

13  excessive risk to [the prisoner's] health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.

14  1996) (citations omitted).

15      First, Plaintiff asserts that unnamed physicians have recommended an unspecified

16  course of treatment, prescribed medication, and recommended a transfer, that is not being

17  followed by the prison administration, but he provides no further support for these assertions.

18  He also fails to provide a reasonable basis for surmising that significant injury will result if the

19  medication, treatment, and transfer orders are not followed.

20      Second, Plaintiff has not presented sufficient evidence for the court to conclude

21  Defendants were deliberately indifferent. There is no evidence before the court that tends to

22  establish any defendant knew of and disregarded an excessive risk to Plaintiff's health and

23  safety. Plaintiff's brief conclusory statements do not demonstrate a likelihood of success on

24  his Eighth Amendment claim. A more developed factual showing is required to demonstrate

25  a likelihood of success on the merits, and Plaintiff has simply failed to provide sufficient

26  evidence to substantiate his claim at this juncture.

27      The court notes that Defendants' argument that Plaintiff cannot demonstrate a

28                                            7

1  likelihood of success on the merits because this action is duplicative of a previous action is

2  unavailing. (*See* Defs.' argument at Doc. # 50 at 3, Doc. # 51 at 3.)[2]

3          Nonetheless, Plaintiff has failed to demonstrate a likelihood of success on the merits.

4  **2. Irreparable Injury**

5          Plaintiff must demonstrate that irreparable injury is likely in the absence of an

6  injunction. *Winter*, 555 U.S. at 20. "[A] preliminary injunction will not be issued simply to

7  prevent the possibility of some remote future injury." *Id.* at 22 (citations omitted).

8          While Plaintiff concludes that irreparable harm is presumed because he is asserting a

9  constitutional violation, he has not provided the court with any factual evidence to support

10  this conclusion.  He has not submitted evidence that he will indeed be irreparably harmed if

11  he is not transferred to a warmer, more humid climate. He has not even specified what

12  medication or treatment has been allegedly denied. He includes nothing more than a

13  threadbare recital that his health will be at risk if the injunction is not granted. He provides

14  nothing to suggest that he will suffer injury without his medications, treatment, or a transfer,

15  and there is no indication that the threat of injury is real and immediate, and not conjectural

16  and hypothetical. Therefore, the court finds Plaintiff has failed to show he is likely to suffer

17  irreparable injury in the absence of injunctive relief.

18  **3. Balance of Hardships**

19          A party seeking injunctive relief "must establish...that the balance of equities tips in his

20  favor." *Winter*, 555 U.S. at 20.

21          Absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance

22  of equities in Plaintiff's favor.  While Plaintiff concludes that Defendants will suffer no harm

23  if injunctive relief is granted, he has not shown that the balance of hardships tips in his favor.

24  _____

25  [2]As with Defendants' Motion to Dismiss  (Doc. # 37), Defendants conclude claim preclusion bars this
action without providing the proper evidentiary support for their defense. While the court does not express an
opinion at this time on the validity of the claim preclusion defense, the court cautions Defendants that if they plan

26  to raise this argument in connection with a motion for summary judgment, they must provide evidence supporting
the defense that comports with the Federal Rules of Civil Procedure and Federal Rules of Evidence.

27

28                                                                8

1    The court finds Plaintiff has not met his burden as to this prerequisite to injunctive relief.

2    **4. Public Interest**

3    "In exercising their sound discretion, courts of equity should pay particular regard for

4    the public consequences in employing the extraordinary remedy of injunction." *Winter*, 555

5    U.S. at 24 (quotation marks and citation omitted).

6    While the public has an interest in seeing that everyone, including Plaintiff, receive

7    adequate medical care, the court cannot make a determination on the facts before it as to the

8    best medical course for Plaintiff. The record before the court does not justify the court

9    substituting its judgment for that of the prison administrators and health care professionals.

10    **5. Conclusion**

11    The prerequisites for injunctive relief not having been met, Plaintiff's request for a

12    temporary restraining order and preliminary injunction should be denied.

13                            **IV. RECOMMENDATION**

14    **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order that

15    Plaintiff's motion for temporary restraining order and preliminary injunction (Doc. # 48 and

16    Doc. # 49) be **DENIED**.

17    The parties should be aware of the following:

18    1.        That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the

19    Local Rules of Practice, specific written objections to this Report and Recommendation within

20    fourteen (14) days of receipt.  These objections should be titled "Objections to Magistrate

21    Judge's Report and Recommendation" and should be accompanied by points and authorities

22    for consideration by the District Court.

23

24

25    ///

26    ///

27    ///

28                                                  9

1        2.      That this Report and Recommendation is not an appealable order and that any

2    notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the

3    District Court's judgment.

4        DATED: September 30, 2011

5

6                                      Walter S. Cole

7                                UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                10