## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| RAYMOND PADILLA, | ) | 3:08-cv-00410-LRH (WGC) |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | December 6, 2011 |
| E.K. MCDANIEL, et. al. | ) | |
| Defendants. | ) | |

PRESENT:    THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:    JENNIFER COTTER        REPORTER:  NONE APPEARING

COUNSEL FOR PLAINTIFF(S):  NONE APPEARING

COUNSEL FOR DEFENDANT(S):  NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Plaintiff has filed a Motion to Compel Discovery and Disclosure (Doc. # 62) and a Request for Leave to File Supplemental Discovery (Doc. # 63). Defendants opposed the motions (Doc. # 64 and Doc. # 67, respectively), and Plaintiff replied (Doc. # 67).

**(1) Motion to Compel (Doc. # 62)**

On September 30, 2011, Plaintiff filed a motion to compel Defendants to provide further responses to written discovery, including interrogatories and requests for production of documents, served by Plaintiff on August 15, 2011. (Doc. # 62 at 1-3.) It appears that Plaintiff received Defendants' responses on September 16, 2011. *Id.* at 3.) It seems to be Plaintiff's contention that the Defendants served mainly objections to Plaintiff's interrogatories. (*Id.*) With respect to the requests for production of documents, Plaintiff claims that defense counsel provided "misleading and sarcastic responses," and the documents produced to Plaintiff are "incomplete, altered, and censored of any & all relevant information." (*Id.*)

According to Defendants' opposition (Doc. # 64), Plaintiff failed to meet and confer regarding the perceived deficiencies in the discovery responses, as he is required to due pursuant to Federal Rule of Civil Procedure 37(a). Rule 37(a) provides, in pertinent part,
>    **(a) Motion for an Order Compelling Disclosure or Discovery.**
>        **(1)** *In General*.  On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery.  *The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.*

MINUTES OF THE COURT
3:08-cv-00410-LRH (WGC)
Date:  December 6, 2011
Page 2

Fed. R. Civ. P. 37(a).  A review of Plaintiff's motion (Doc. # 62) reveals that Plaintiff did indeed fail to comply with the meet and confer requirement under Rule 37(a).

Moreover, Plaintiff fails to comply with Local Rule 26-7(a), which provides, "[a]ll motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any." LR 26-7(a). While Plaintiff gives a vague description of that which he has requested and some the objections asserted by Defendants, the court cannot make a meaningful determination of the sufficiency of the responses without viewing the actual interrogatory or request for production, and the Defendants' corresponding response.

As a result of Plaintiff's failure to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 26-7(a), the court cannot evaluate the sufficiency of Defendants' responses, and therefore, Plaintiff's motion (Doc. # 62) is **DENIED**.

**(2) Motion for Leave to File Supplemental Discovery (Doc. # 63)**

On October 13, 2011, Plaintiff filed a motion in which he seeks to serve additional discovery on Defendants.  (Doc. # 63).  Defendants are correct that this is in essence a request to extend the discovery deadline or amend the Scheduling Order entered by this court on July 27, 2011 (Doc. # 54).

The Scheduling Order required the completion of discovery on or before October 25, 2011.  (Doc. # 54 at 2.) Furthermore, any motion or stipulation to extend the discovery deadline was to be received by the court **at least twenty (20) days prior to the expiration of any extension thereof that may have been approved by the court**. (*Id*.)  In addition, any motion filed beyond the time limit fixed by the Scheduling Order **shall be stricken**, **unless an exception is granted for good cause shown.** (*Id*.)  Therefore, Plaintiff's request to extend the discovery deadline is untimely.

To the extent Plaintiff seeks to amend the Scheduling Order, such a motion was to be filed on or before **September 26, 2011**, absent a showing of good cause.  (Doc. # 54 at 3.) Plaintiff's request to amend the Scheduling Order is also untimely.

Plaintiff has not demonstrated good cause to warrant an extension of the discovery deadline or amendment of the Scheduling Order.  Plaintiff's request to extend the deadline is predicated on his motion to compel discovery, which was denied for the reasons stated above. Had Plaintiff taken some care to properly present his motion to compel to the court, and specifically identify the interrogatories and requests for production propounded on Defendants and their allegedly deficient responses, the court *may* have considered Plaintiff's request to extend the deadline.  However, at this juncture, Plaintiff has not proven that the responses were deficient, and therefore the court has no basis for extending the discovery deadline.  Moreover,

MINUTES OF THE COURT
3:08-cv-00410-LRH (WGC)
Date:  December 6, 2011
Page 3

while Plaintiff indicates his desire to propound additional written discovery on Defendants, he does not describe what the additional discovery will entail, or what additional information he seeks.  Finally, the court notes that Defendants' pending motion for summary judgment (Doc. # 54), is brought solely on the ground of res judicata, and a review of that motion reveals that any additional discovery will have no impact on that motion or Plaintiff's ability to respond to that motion.[1]  For these reasons, Plaintiff's request for leave to serve additional discovery (Doc. # 63) is **DENIED**.

**IT IS SO ORDERED.**

                                    LANCE S. WILSON, CLERK

                                    By:  /s/

                                        Deputy Clerk

---

[1] It appears that Plaintiff filed his opposition and objection to Defendants' motion for summary judgment (Doc. # 54) as well as his cross-motion for summary judgment concurrently with his motion to compel (Doc. # 62).  Both documents were docketed only as the motion to compel (Doc. # 62).  The court has requested the Clerk of Court to separate and create a separate docket entry for Plaintiff's opposition/objection/cross-motion.