UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| RAYMOND PADILLA, | ) | CASE NO.  3:08-CV-0410-LRH-WGC |
| | ) | |
| Plaintiff(s), | ) | MINUTES OF THE COURT |
| | ) | |
| vs. | ) | DATED: FEBRUARY 16, 2012 |
| | ) | |
| STATE OF NEVADA, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

PRESENT: HONORABLE WILLIAM G. COBB , U.S. MAGISTRATE JUDGE

Deputy Clerk: JENNIFER COTTER      Reporter: FTR: 9:00:45 a.m. - 9:54:30 a.m.

Counsel for Plaintiff(s):  RAYMOND PADILLA, In Pro Per

Counsel for Defendant(s):  TIMOTHY ANDREWS

PROCEEDINGS: **TELEPHONIC MOTION HEARING**

9:00 a.m.  Court convenes.

The Court addresses Plaintiff's Motion to Compel (Doc. 73) and the Interrogatories and Requests for Production of Documents, as outlined in Defendants' Response (Doc. 76) and Supplement to Response (Doc. 82).

**IT IS ORDERED** that the Motion to Compel, as it relates to Interrogatories 1 and 2, is **GRANTED**.

With respect to Interrogatories 3, 4, 5, 6, 8, 9, 10, 11, and 21, the Motion to Compel is **DENIED**.

Regarding Interrogatory 7, the Motion to Compel is **GRANTED** to the extent that Plaintiff shall be provided information regarding the grievance and medical procedures of the NDOC for the time period of 2005 to present.

As to Interrogatory 12, the Motion to Compel is **GRANTED**.

The Motion to Compel, as it relates to Interrogatory 13, is **GRANTED** to the extent that the information shall be provided for the time period of 2005 to present.

Regarding Interrogatory 14, the Motion to Compel is **GRANTED** to the extent that Plaintiff shall be given access to the list of medications which have been prescribed for him.

Page Two
3:08-cv-0410-LRH-WGC (Padilla v. State of NV, et al.)
February 16, 2012

With respect to Interrogatories 15 and 16, the Motion to Compel is **GRANTED** to the extent that Plaintiff shall be provided with any information regarding recommendations for transfer due to his medical condition.

Plaintiff suggests that, as to Interrogatories 17, 18, 19, 20, the Court has already addressed these issues in other rulings.  The Court agrees.

The Motion to Compel, as it relates to Interrogatory 22, is **GRANTED** in accordance with the terms as set forth on the record.

Given Plaintiff's representations to the Court, the Motion to Compel is considered **MOOT** as it relates to Interrogatories 23, 24, and 25.

**IT IS ORDERED** that the Motion to Compel, as it relates to the Requests for Production of Documents 1 and 2, is **GRANTED** to the extent that Plaintiff shall be given access to the non-confidential portions of his I-file.

Plaintiff **WITHDRAWS** his Motion to Compel, as it relates to the Requests for Production of Documents 3, 4, 6, 7, 8, 9, and 12.

With respect to Request for Production of Documents 5, the Motion to Compel is **GRANTED** to the extent that Mr. Andrews shall attempt to provide Plaintiff with a list of his treating physicians for the time period of 2005 to present.

Regarding Requests for Production of Documents 10, 11, and 13, the Motion to Compel is **DENIED**.

As to Request for Production of Documents 14, the Motion to Compel is **GRANTED** to the extent that Plaintiff shall be entitled to review every version, for the time period of 2005 to present, of those regulations related to the failure to transfer, the refusal to provide medical expenses, and overcharging for his medications.  If any of them are deemed to be confidential, Mr. Andrews shall notify Plaintiff.

-----------------------------------------------------------------------------
Some discussion occurs regarding the Plaintiff's grievances as to his medical condition.  Plaintiff requests copies of the actual grievances.  Plaintiff shall advise Mr. Andrews of the specific grievances he is requesting, and Mr. Andrews agrees to provide copies of said grievances to Plaintiff, if they can be located.

9:54 a.m.  Court adjourns.

LANCE S. WILSON, CLERK

By: /s/_____

Deputy Clerk